IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN H LINDAUER, JR., and<br>JACQUELINE S. LINDAUER TRUST, | * * * | |
| Plaintiffs | * * | |
| v. | * * | Civil Action No. PJM-17-3453 |
| U.S. BANK, N.A., | * * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

On November 21, 2017, the above-captioned case was transferred from the United States District Court for the District of Arizona to this Court. The action concerns secured interests against the residential property of Susan Lindauer located at 232 Manor Circle, Takoma Park, Maryland ("the Property"). ECF No. 8 at 1-4. In docketing the action, the District of Arizona named two Plaintiffs: "John H. Lindauer, Jr." and "Jacqueline S. Lindauer Trust trustee of John H. Lindauer, Jr." *Lindauer v. American Heritage Lending Corp.*, 2:17−cv−01285−DLR (D. Ariz.). Upon the transfer to this Court, the docket was apparently modified slightly, as it identified two Plaintiffs: "John H. Lindauer, Jr." and "Jacqueline S. Lindauer Trust."

This Court has reviewed the filings from the District of Arizona and concludes that the parties were incorrectly docketed in that court. Although he identified himself "as the Trustee of and under the Jacqueline S. Lindauer Trust," John H. Lindauer, Jr. was not named as a Plaintiff in his individual, personal capacity. ECF No. 8 at 1. As the complaint makes clear, only one Plaintiff—the Trust represented by John Lindauer as trustee—was ever party to this action. *See e.g.*, ECF No. 8 (referring to singular "Plaintiff" throughout complaint). Accordingly, the Clerk will amend the docket sheet to reflect that the sole Plaintiff is "John H. Lindauer, Jr., Trustee of

and under the Jacqueline S. Lindauer Trust," as is stated in the caption of the First Amendment Complaint.  ECF No. 8 at 1.

Because it appears that the action was filed on behalf of the Trust by its trustee, certain limitations on representation are applicable here.  "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.  As the courts have recognized, the rationale for that rule applies equally to all artificial entities." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993)) (citations omitted).  Thus, "[a] nonlawyer, such as . . . purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."  *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994); *see also C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) ("He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court."); *United States v. Ponte*, 246 F. Supp. 2d 74, 80 (D. Me. 2003)  ("Dr. Stone appears in the lawsuit in her fiduciary capacity because as trustee she holds title to the real estate.  That is solely a representative capacity, and one that requires a lawyer in federal court.").  Thus, John H. Lindauer may not represent the Trust pro se.  However, the Court will allow the Trust 60 days to obtain counsel, if it seeks to continue this litigation.  If the Trust fails to do so within this time frame, the Court will dismiss the action without prejudice.

A separate order follows.

December 4, 2017

_____/s/_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE